UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY R. GLOWACKI,

    Plaintiff,

  v.                                                           Civil Action 2:19-cv-5329
                                                         Judge Michael H. Watson
                                                         Magistrate Judge Chelsey M. Vascura

CRYSTAL M. DUPLAY,

    Defendant.

**OPINION AND ORDER**

**I.    THE PARTIES' COMPETING RULE 26(f) REPORTS**

This matter is before the Court on the parties' competing Rule 26(f) reports filed February 25, 2020 (ECF Nos. 21–22). In the reports, both parties acknowledge that no conference has taken place as required by Federal Rule of Civil Procedure 26(f). Defendant further states that after exchanging draft Rule 26(f) reports, "Plaintiff's counsel subsequently refused to hold a meeting or conference call to confer regarding their positions in the Rule 26(f) report. When counsel for Defendant advised that a call was necessary under Rule 26(f), Mr. Fitrakis refused and responded by letter that he rejected all of Defendant's proposed changes and that he deemed the parties' obligations to confer under Rule 26(f) satisfied through the exchange of draft reports." (Def.'s Rule 26(f) Report 1, ECF No. 22.) For his part, Plaintiff's counsel states that he "was unable to engage the defendant in a meaningful attempt to confer on the matters outlined below." (Pl.'s Rule 26(f) Report 1, ECF No. 21.)

The parties have not fulfilled their obligations to meet and confer in advance of the scheduled Preliminary Pretrial Conference as required by Rule 26(f). This rule states that "[t]he attorneys of record . . . are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). Accordingly, the Court **STRIKES** the parties' separate Rule 26(f) reports (ECF Nos. 21–22) and **ORDERS** the parties to hold the conference required by Rule 26(f) and file a joint Rule 26(f) report no later than **MARCH 4, 2020**.

## II. DEFENDANT'S MOTION TO STAY DISCOVERY AND CONTINUE PRELIMINARY PRETRIAL CONFERENCE

This matter is further before the Court on Defendant's Motion to Stay Discovery and Continue Preliminary Pretrial Conference (ECF No. 14). For the reasons that follow, Defendant's Motion is **DENIED**.

Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*, "FDCPA") and the Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345.01, *et seq.*, "OCSPA") by commencing a collection action in an improper venue. (Compl., ECF No. 1.) Defendant filed a Motion for Judgment on the Pleadings on February 11, 2020, asserting that Plaintiff's claims failed as a matter of law because the underlying collection action's venue was proper. (ECF No. 12.) Shortly thereafter, Defendant filed the present Motion to Stay Discovery and Continue Preliminary Pretrial Conference on grounds that her Motion for Judgment on the Pleadings dealt solely with issues of law and would be granted in her favor, obviating the need for discovery. (ECF No. 14.)

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL

6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also*

3

*Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

Neither the pendency of Defendant's Motion for Judgment on the Pleadings nor her assessment of the merits of her Motion for Judgment on the Pleadings is persuasive. As set forth above, the existence of a "garden-variety" motion to dismiss is generally insufficient to justify a stay discovery. *See, e.g.*, *Williams*, 2010 WL 3522397, at *1-2. Defendant's insistence that her Motion for Judgment on the Pleadings is meritorious is likewise insufficient where, as here, the Court cannot conclude that Plaintiff's claims are frivolous or that it is highly likely that

Defendant's Motion for Judgment on the Pleadings will be granted. *See Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1-2 (S.D. Ohio May 3, 2017) (citations omitted) (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the Court is "not inclined to grant a stay based on one party's view of the strength of its Motion to Dismiss"); *see also Ohio Bell Telephone,* 2008 WL 641252, at *2 (denying a motion to stay discovery where the jurisdictional issues raised in the dispositive motion were "fairly debatable," but noting that it might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery after concluding that the parties' contentions were not frivolous). Applying the above principles to this matter, the Court concludes that Defendant has failed to show good cause for a stay of discovery.

### III. DISPOSITION

For the reasons set forth above, Defendant's Motion to Stay Discovery and Continue Preliminary Pretrial Conference (ECF No. 14) is **DENIED**. The Court **STRIKES** the parties' separate Rule 26(f) reports (ECF Nos. 21–22). The parties are **ORDERED** to hold the conference required by Rule 26(f) and file a joint Rule 26(f) report no later than **MARCH 4, 2020**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE